# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| ROBERT BATES, | Case No. 1:16-cv-534 |
| Plaintiff, | Barrett, J. |
| | Bowman, M.J. |
| v. | |
| ROMAN SHOSTAK, et al., | |
| Defendants. | |

## REPORT AND RECOMMENDATION

Plaintiff, an incarcerated individual who proceeds *pro se*, filed suit against four individuals employed at the Warren Correctional Institution, alleging that the Defendants used excessive force against him during an incident that occurred on February 15, 2015.[1] On January 11, 2017, Plaintiff filed a motion for summary judgment. The Defendants filed a response in opposition to Plaintiff's motion, to which Plaintiff has filed no reply. The undersigned now recommends that Plaintiff's motion be DENIED.

**I.  Background**

Plaintiff's complaint alleges that he was seriously injured by the Defendant officers (Shostak, Dunn, Back and Wilson). The incident began while Plaintiff was inside his cell, with Plaintiff and Defendant Shostak (who was outside the cell) becoming engaged in a verbal altercation. At some point, Plaintiff's cell window was covered, preventing Officers from seeing Plaintiff, although the parties dispute whether Plaintiff or Defendants themselves obscured the window. As the incident progressed, Defendants Shostak and Dunn entered Plaintiff's cell and allegedly punched and maced Plaintiff,

---

[1] At some point after the incident, Plaintiff was moved to the Southern Ohio Correctional Facility, where he currently remains.

dragging him out of the cell.  Plaintiff alleges that Defendant Wilson "smashed my head against [a] glass door" in a hallway, and that Defendant Back later tightened his handcuffs to the point where Plaintiff's circulation was cut off.

A copy of an institutional report entitled "Investigation Summary Report Use of Force" ("UOF report") is attached to Plaintiff's complaint.  The report generally contains witness statements, and reflects that after an initial struggle in his cell, Plaintiff was handcuffed and removed from his cell.  During his escort by Officers Wilson and Hake, the report states that Inmate Bates turned toward Officer Hake, causing Officer Wilson to "quickly push[] inmate Bates through the door and into the wall past the door." (Doc. 15 at 3).  The report further states that while Inmate Bates was "struggling," Defendant Officer Wilson "administered a knee strike to the side of inmate Bates." (*Id.*).

In his complaint, Plaintiff alleges that the officers administered additional blows, which amounted to the excessive use of force in violation of the Eighth Amendment. Plaintiff alleges that all four officers are liable both for excessive force, and/or for failing to protect him from excessive force.  Plaintiff further alleges that the officers falsified reports during the institutional investigation, and that he suffered serious injuries from mace and from a concussion.  Plaintiff alleges that he was transported to the hospital after he lost consciousness, where he spent a week in recovery.  (Doc. 3 at 13).  He alleges that he continued to suffer ill effects from his purported concussion upon his return from the hospital, and had to undergo speech therapy as a result.  (Doc. 3 at 8).

II.  Analysis

A.  Standard of Review

Federal Rule of Civil Procedure 56(a) provides that summary judgment is proper

"if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A dispute is "genuine" when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A court must view the evidence and draw all reasonable inferences in favor of the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

Once the moving party has met its burden of production, the non-moving party cannot rest on his pleadings, but must present significant probative evidence in support of his complaint to defeat the motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248-49. The mere existence of a scintilla of evidence to support the non-moving party's position will be insufficient; the evidence must be sufficient for a jury to reasonably find in favor of the nonmoving party. *Id*. at 252.

### B. Plaintiff's Motion for Summary Judgment

Plaintiff's motion for summary judgment argues that there is no need to proceed to trial in his case, and that he is instead entitled to judgment against all four Defendants based upon the UOF report that is attached to both his initial complaint and his pending motion. The report concludes that specific elements of the force used during the incident were not "justified" or "appropriate under the circumstances," based upon the officers' failure to fully comply with institutional policies. (Doc. 15 at 8). In essence, Plaintiff's motion argues that the UOF report's Conclusion, that the force was not

justified under regulatory standards, amounts to an admission that all Defendants violated his Eighth Amendment rights.

The Court begins with the Conclusion section of the UOF report. After the investigator checked "no" in response to inquiries asking whether the force used was "justified" or "appropriate," the investigator provided the following narrative analysis of his Conclusion:

> Inmate Bates…was acting in a way that an immediate response and verification was needed[.] [H]owever[,] when Officer Shostak moved the towel and Inmate Bates moved it back a supervisor should have been called and the cell door should not have been opened. Inmate Bates had moved the towel thus indicating he was standing and responsive. The Officers did have good intentions due to the concern for inmate Bates['] safety and the large number of self injurious behavior incidents. However[,] by not contacting a supervisor immediately, and entering the cell it compromised their safety. The use of force that took place in the cell was justified and a reasonable amount of force was used to gain control of inmate Bates who [was] actively resisting during the incident. Inmate Bates did cover his face up with a towel and by doing so along with his behavior, could be perceived as a fighting stance.
>
> Inmate Bates was walking with the escort and did appear to be agitated. Inmate Bates did turn toward Officer Hake and that is why he was escorted through the door very quickly. However, Officer Hake and Officer Wilson thrusted inmate Bates towards the wall just before impact and was not appropriate. A determination to whether inmate Bates attempted to spit on Officer Wilson just after he was thrusted onto the wall is unclear. If inmate Bates did indeed attempt to spit on Officer Wilson a lesser alternative should have been used due to the fact that the 3 escorting Officers could easily control inmate Bates who was cuffed from behind.
>
> A knee strike can be administered if the circumstances are present[,] however[,] concerning this incident a knee strike was not appropriate. The time that inmate Bates was placed on the inside foyer wall and time the knee strike was administered did not allow inmate Bates to comply with directives. Inmate Bates was still being disrespectful and not cooperating while in medical. No staff stated to have witnessed or participated in any use of force in medical or substantiate inmate Bates['] claims. Nurse Barrett stated that inmate Bates did not have any injuries that he was

4

> bleeding from but did develop a hemoglobin, or bruise on his head. She also stated that per the request of the OSP Trooper, she called the Atruim [sic] Medical Center at 9:00 PM that day, and that all of the test[s] that they had done on inmate Bates were negative for a concussion.

(Doc. 15 at 8-9). Defendants concede that "it appears from the [Use of Force] report that two Defendants…may have been subsequently disciplined," (Doc. 18 at 2), but provide no details as to the type of discipline imposed or identities of the two Defendants.

Although the burden shifts to the party opposing summary judgment (the Defendants here) after the moving party has met its burden of production, the Defendants have chosen not to offer any evidence to rebut Plaintiff's version of the facts, to the extent supported by the institutional report. Instead, Defendants argue that the UOF report is insufficient to meet Plaintiff's burden of production to show that each of the four Defendants violated Plaintiff's Eighth Amendment rights. Additionally, Defendants argue that the report is insufficient to overcome their asserted defenses of qualified immunity.

The undersigned agrees that Plaintiff is not entitled to summary judgment based solely on the UOF report.[2] First, the report does not establish the lack of any genuine existence of material fact concerning most of Plaintiff's allegations regarding the use of mace and other force against Plaintiff during the incident. Instead, the Conclusion that inappropriate force was used was limited to two discrete uses of force by Defendant Wilson. Second, the report fails to establish the essential subjective component of

---

[2]The Court's analysis assumes, solely for purposes of the pending motion, that a Conclusion reached by an investigating officer in an institutional UOF report <u>could</u> be sufficient to prove an Eighth Amendment claim, if an unrebutted UOF report supported the existence of both objective and subjective components of such a claim. Defendants have not argued to the contrary in this case.

Plaintiff's Eighth Amendment claims against any of the four Defendants. Finally, the Court cannot resolve the issue of qualified immunity in Plaintiff's favor based upon a review of the report alone.

### 1. Elements Required to Prove Eighth Amendment Claim

Plaintiff has alleged in his complaint that each of the four individual Defendant officers used excessive force against him, and/or failed to protect him from the excessive use of force by other officers, in violation of the Eighth Amendment. To win summary judgment, Plaintiff must show that no genuine issue of material fact exists, and that he has proven the elements of his Eighth Amendment claims, as to <u>each</u> of the four Defendants.

An Eighth Amendment claim requires Plaintiff to satisfy both an objective component, which requires the pain that is inflicted to be "sufficiently serious," and a subjective component, which focuses on the state of mind of the prison official. *See Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011)(citations omitted). The Supreme Court has clarified that it is unnecessary for an inmate to prove that he suffered from any significant injury requiring medical attention in order to prove the objective component of an Eighth Amendment claim involving cruel and unusual punishment, *see Wilkins v. Gaddy*, 130 S. Ct. 1175, 1178 (2010). On the other hand, the extent of injury is one factor to be considered in determining whether the assertion of force "'could plausibly have been thought necessary' in a particular situation." *Id.,* (quoting *Whitley v. Albers*, 475 U.S. 312, 321 (1986)). Thus, not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Hudson v. McMillian*, 503 U.S. 1, 9, (1992). The Eighth Amendment's "prohibition of 'cruel and unusual' punishments necessarily

excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Wilkins*, 130 S. Ct at 1178 (quoting *Hudson*, 503 U.S. at 9).

As the Supreme Court has explained, "whenever prison officials stand accused of using excess physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is that set out in *Whitley*; whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6-7; *Wilkins v. Gaddy,* 130 S. Ct. at 1178-1179 ("Injury and force, however, are only imperfectly correlated, and it is the latter that ultimately counts."). Thus, "'[w]hen prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated . . . whether or not significant injury is evident.'" *Williams v. Curtin*, 631 F.3d at 383 (*quoting Hudson*, 503 U.S. at 9).

### 2. The Report Fails to Prove Plaintiff's Claims as to Each Defendant

Based on Eighth Amendment standards, Plaintiff must prove not only that each of the four Defendants used an amount of force against him that was objectively unreasonable, but that each Defendant employed the force "maliciously and sadistically for the very purpose of causing harm." *Williams v. Curtin*, 631 F.3d at 383 (quoting *Hudson,* 503 U.S. at 6 (internal quotation marks omitted)). "Courts may consider "the need for the application of force, the relationship between the need and the amount of force that was used, and the extent of injury inflicted." *Id.* (quoting *Whitley,* 475 U.S. at 321).

The report does not provide sufficient evidence of Eighth Amendment violations in the manner alleged by Plaintiff in his complaint, regarding the use of mace and alleged blows administered in Plaintiff's cell and throughout the incident. Contrary to Plaintiff's allegations, the report concludes that all force "that took place in the cell was justified and…reasonable…." (Doc. 15 at 9). The report also undermines other allegations as unsubstantiated, stating that "[n]o staff" reported having "witnessed or participated in any use of force in medical" and that staff did not "substantiate inmate Bates' claims." (*Id.*) Additionally, the report states that all tests for a concussion were "negative." Thus, at best, the report is inconclusive regarding most of Plaintiff's claims.

This Court may not grant summary judgment based solely on the allegations contained in Plaintiff's Complaint, without supporting evidence, when Defendants in their Answer deny those allegations. Although the report broadly documents the incident through witness statements, those statements are not entirely consistent with each other, and directly contradict many of Plaintiff's allegations.

The Conclusion of the UOF report does substantiate a use of force in violation of institutional policy, but zeroes in on just two uses of force. Specifically, the report concludes that: (1) thrusting Plaintiff into the wall was not appropriate; and (2) using a knee strike into Plaintiff's side was not appropriate. According to the report, both the shove into the wall and the knee strike involved Officer Wilson. Therefore, the report arguably fails to draw any conclusions that would substantiate the "objective" component of Plaintiff's Eighth Amendment claims against the other three Defendants.[3]

---

[3]The report generally supports that an "objectively serious" use of force occurred, but that is not the same as substantiating the objective component of Plaintiff's claims against each Defendant. Hypothetically for

In addition, the report wholly fails to establish the "subjective" component of Plaintiff's Eighth Amendment claim against any Defendant. For instance, despite being critical of the failure of Officers Shostak and Dunn to call a supervisor prior to opening Plaintiff's cell door, the report concludes that, the "officers did have good intentions due to the concern for inmate Bates[] safety…." (Doc. 3 at 23). Such "good intentions" are incompatible with the subjective element of Plaintiff's Eighth Amendment claim. The report is silent on whether those intentions changed during the course of the incident, and therefore, cannot be used to conclusively establish the subjective element of Plaintiff's Eighth Amendment claims against any Defendant.

Last, Defendants persuasively argue that Plaintiff's motion should be denied based upon the Defendants' assertion of qualified immunity, at least at this stage. The purpose of qualified immunity is to provide governmental officials with the ability "reasonably to anticipate when their conduct may give rise to liability for damages." *See Anderson v. Creighton*, 483 U.S. 635, 646 (1987) (internal quotation omitted). Thus, a governmental official performing discretionary functions will be entitled to qualified immunity unless his or her actions violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). A governmental official is entitled to immunity if the facts alleged do not make out a violation of a constitutional right, or if the alleged constitutional right was not clearly established at the time of the defendant's alleged misconduct. *Pearson v. Callahan*, 129 S.Ct. 808 (2009).

---

example, if a prisoner alleged that Officer Jones beat him up, but an institutional record showed that only Officer Smith was involved, the record could not be used to satisfy the "objective" component of an Eighth Amendment claim as to Officer Jones.

Even if the UOF report is reasonably construed to show a violation of ODRC policy, the Defendants may still be entitled to qualified immunity. *See generally Davis v. Scherer*, 468 U.S. 183, 194 & n.12 (1984) (officials do not lose qualified immunity merely because conduct violates administrative provision); *see also Washington v. Starke*, 855 F.2d 346, 349-350 (6th Cir. 1988) (regulation that turns on observations and conclusions of individual officer does not create a substantive right that destroys qualified immunity).

For the reasons stated, the report by itself is not sufficient to overcome Defendants' qualified immunity defense.

### III.    Conclusion and Recommendation

Accordingly, **IT IS RECOMMENDED THAT:**

Plaintiff's motion for summary judgment (Doc. 15) should be DENIED. Either party may file additional dispositive motions on or before the final dispositive motion deadline of July 31, 2017.

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

ROBERT BATES,

    Plaintiff,

v.

ROMAN SHOSTAK, et al.,

    Defendants

Case No. 1:16-cv-534

Barrett, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).