UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ROBERT BATES, | CASE NO. 1:16CV534 |
| Plaintiff, | JUDGE MICHAEL R. BARRETT |
| vs. | |
| ROMAN SHOSTAK, et al., | |
| Defendants. | |

**OPINION AND ORDER**

This matter is before the Court on the Magistrate Judge's Report and Recommendation ("R&R") (Doc. 22) and Plaintiff's Motion in Opposition to Report and Recommendation of Magistrate Judge Stephanie K. Bowman (Doc. 23), which the Court treats as objections to the R&R. Plaintiff subsequently filed what he calls "important circumstantial evidence," (Doc. 33) which the Court treats as a supplement to his objections.

**I.   BACKGROUND**

Plaintiff, formerly an inmate at Warren Correctional Institution, brings this civil rights action pursuant to 42 U.S.C. § 1983 against four prison officials alleging they used excessive force against him in violation of the Eighth Amendment. The Magistrate Judge set forth the facts in sufficient detail and the same will not be repeated here except as necessary to address the objections raised. Briefly, Plaintiff's complaint alleges a verbal altercation between he and Defendants ensued, but as the incident progressed, Defendants entered Plaintiff's cell and allegedly punched and maced Plaintiff. He alleges his head was smashed against a glass door, his handcuffs tightened so his circulation was cut off, and that he suffered additional blows

administered by Defendants. Plaintiff's motion for summary judgment argues that based upon the findings in the "Investigation Summary Report Use of Force" ("UOF report"), he is entitled to judgment against all four Defendants.

The Magistrate Judge reached two primary conclusions in recommending Plaintiff's motion be denied. First, she concluded that the UOF report did not establish the lack of any genuine issue of material fact with respect to the objective component of an Eighth Amendment claim nor did the UOF report establish the subjective component of his claim. Second, the Magistrate Judge concluded that Plaintiff's motion should be denied based upon Defendants' assertion of qualified immunity, at least at this stage.

## II. STANDARD

When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." (*Id.)*; see also 28 U.S.C. § 636(b)(1). General objections are insufficient to preserve any issues for review: "[a] general objection to the entirety of the Magistrate [Judge]'s report has the same effect as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Nevertheless, the objections of a petitioner appearing pro se will be construed liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## III. ANALYSIS

The Court first notes that Plaintiff appears to possess a fundamental misunderstanding of the purpose of summary judgment. On the one hand, Plaintiff argues he is entitled to summary

2

judgment. But sprinkled throughout his response are requests for a jury trial. For example, Plaintiff contends that he intends to present certain evidence at trial to establish his claim. (Doc. 23, PageID147) ("See video footage and view (use of force) report. Both of which plaintiff intends to introduce at trial as clear and convincing evidence to support his claim."). Plaintiff also argues that a reasonable jury could find in his favor. (Id. at PageID 148) ("Plaintiff believes a jury could reasonably find that all defendants went beyond a good-faith attempt to restore order and acted with a malicious and sadistic desire to inflict harm…"). While this may be true, summary judgment entitles the moving party to judgment as a matter of law – that means judgment in lieu of proceeding to a jury trial. Thus, it is unclear whether Plaintiff is actually disagreeing with the Magistrate Judge's conclusion that he is not entitled to summary judgment.

To the extent Plaintiff does appear object to the Magistrate Judge's R&R, Plaintiff argues once again that the findings in UOF report entitle him to summary judgment. He argues on numerous occasions that the force used was administered with malicious and sadistic intent. (*See e.g.* Doc. 23, PageID 146) ("[The force] was maliciously and sadistically used to cause harm and inflict pain…"). Plaintiff also appears to argue that because Defendants violated institutional policy, they also violated his Eighth Amendment rights as a matter of law.

Plaintiff does not specifically object to any portion of the Magistrate Judge's R&R. Construing his response liberally, however, the Court interprets Plaintiff's multiple references to Defendants' malicious and sadistic intent as an objection to the Magistrate Judge's conclusion that Plaintiff did not establish the subjective component of his claim. Plaintiff, however, does not explain how the Magistrate Judge erred in reaching her conclusion. As the Magistrate Judge correctly noted, the UOF report concludes that "The Officers did have good intentions due to the concern for inmate Bates['] safety…" (Doc. 22, PageID 137). Plaintiff does not provide any

3

evidence in support of his argument that Defendants indeed acted with malicious and sadistic intent. Instead, he argues Defendants made certain comments that establish Defendants' intent. For example, he argues Defendant Shostak stated, "[t]ake this motherfucker, this is what you want…" and that that statement can be "interpreted reasonably" as establishing a malicious and sadistic intent. (Doc. 23, PageID 148). As the Magistrate Judge correctly explained, however, summary judgment is not appropriate when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Plaintiff effectively concedes there is more than one reasonable interpretation of the evidence. Thus, summary judgment is not appropriate.

Moreover, Plaintiff attaches to his response (Doc. 23) the same exhibits considered by the Magistrate Judge when deciding his motion for summary judgment, none of which establish the subjective component of Plaintiff's claim. His supplemental exhibits likewise do not establish the intent necessary for an Eighth Amendment claim. (Doc. 33). The pictures and medical records, if considered by the Court, go to the objective component of Plaintiff's claim – that is, that the pain inflicted was "sufficiently serious." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011). Accordingly, upon review, Plaintiff's objections on this point are **OVERRULED**.

Plaintiff also argues that the use of force report, medical reports, photos, and DVR video footage establish that Defendants are not entitled to qualified immunity. Upon review, the Court disagrees, and finds that the Magistrate Judge properly concluded that the evidence in the record does not overcome Defendants' qualified immunity defense at this stage. Plaintiff's objections as to this issue are **OVERRULED**.

To the extent Plaintiff attempts to object to the Magistrate Judge's R&R on any other basis, the Court finds such objections are insufficient to direct the Court's attention to any particular issues contained therein and thus, are **OVERRULED**.

IV. **CONCLUSION**

Consistent with the foregoing, Plaintiff's objections (Doc. 23) are **OVERRULED** and the Magistrate Judge's R&R (Doc. 22) is **ADOPTED IN ITS ENTIRETY**. Therefore, it is hereby **ORDERED** that Plaintiff's motion for summary judgment (Doc. 15) is **DENIED**.

**IT IS SO ORDERED.**

    s/*Michael R. Barrett*
MICHAEL R BARRETT
United States District Judge