**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| Robert Bates, | Case No. 1:16-cv-534 |
| Plaintiff, | District Judge Michael Barrett<br>Magistrate Judge Stephanie Bowman |
| v. | |
| Roman Shostak, et. al., | |
| Defendants. | |

# ORDER

This matter is before the Court upon the Magistrate Judge's November 3, 2017 Report and Recommendation ("R&R"), recommending that the Defendants' motion for summary judgment be granted (Doc. 30). Plaintiff filed Objections to the R&R on November 20, 2017 (Doc. 39) and Defendants filed a response (Doc. 40).

The Magistrate Judge completed a comprehensive review of the record and the same will not be repeated here except as necessary to respond to Plaintiff's objections. Briefly, the Magistrate Judge found Plaintiff's claims were barred by collateral estoppel, in part, because Plaintiff's state court complaint presented the same facts as the instant lawsuit. Upon review of the state court records, the Magistrate Judge concluded that Plaintiff litigated the same issues in state court and those issues had been decided on the merits. Accordingly, the Magistrate Judge recommends Defendants' motion for summary judgment be granted. (Doc. 30).

When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further

1

evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1). General objections are insufficient to preserve any issues for review: "[a] general objection to the entirety of the Magistrate [Judge]'s report has the same effect as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Nevertheless, the objections of a petitioner appearing *pro se* will be construed liberally. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff failed to object to any specific portions of the R&R as is required by Rule 72(b)(2). Instead, he argues that the R&R is barred by God's law and his truth and therefore should be rejected by this Court. (Doc. 39, PageID 415). Accordingly, Plaintiff's objections are insufficient to direct the Court's attention to any particular issues contained therein, and are without merit.

As the Magistrate Judge properly explained, Ohio courts apply the doctrine of collateral estoppel to preclude relitigation of an issue previously litigated, even if based on a different cause of action. (Doc. 38, PageID 405) (citing *State ex rel. Nickoli v. Metroparks,* 124 Ohio St.3d 449, 453, 923 N.E.2d 588 (Ohio 2010)). Moreover, "[t]he Full Faith and Credit Act, 28 U.S.C. § 1738, requires the federal courts to give state court judgments the same preclusive effect that the state would afford such judgments." *McCormick v. Braverman,* 451 F.3d 382, 397 (6th Cir. 2006). Upon review, the Court finds no error in the Magistrate Judge's recommendation that collateral estoppel bars Plaintiff's claims in this case. Plaintiff's objections (Doc. 39) are therefore **OVERRULED.**

Consistent with the foregoing, the Court hereby **ADOPTS** the Magistrate Judge's R&R (Doc. 38). Accordingly, it is **ORDERED** that Defendants' motion for summary judgment (Doc. 30) is **GRANTED**.

**IT IS SO ORDERED**.

      s/Michael R. Barrett
Michael R. Barrett, Judge
United States District Court